**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **DERRIC SHERMAINE KITT,** | ) | |
| **BOP Reg. # 43493-509,** | ) | |
| **Petitioner,** | ) | |
| | ) | **CIVIL ACTION NO.** |
| | ) | **1:23-00251-KD-N** |
| **v.** | ) | |
| | ) | **CRIMINAL ACTION NO.** |
| | ) | **1:21-00079-KD-N-7** |
| **WARDEN, FCI TALLADEGA,** | ) | |
| **TALLADEGA, ALABAMA,**[1] | ) | |
| **Respondent.** | ) | |

## REPORT AND RECOMMENDATIONS

Defendant Derric Shermaine Kitt is currently serving a sentence imposed on him in the above-numbered criminal action on August 5, 2022. (Doc. 765).[2] Kitt recently filed, without the assistance of counsel (*pro se*), a self-styled "Motion Pursuant to § 2255(f) Vacate or Correct Sentence," dated June 24, 2023. (Doc. 833). Though styled as a § 2255 motion, Kitt's filing explains it "is an attempt to receive jail credit from 5-3-21 to 8-4-22." (Doc. 833, PageID.4505). As such, Kitt's motion is properly construed as a motion under 28 U.S.C. § 2241, rather than under § 2255. *See United States v. Roberson*, 746 F. App'x 883, 885 (11th Cir. 2018) (per curiam) ("A claim for credit of time served is cognizable under 28 U.S.C. § 2241 as a challenge to

[1] "Since the proper party respondent to a § 2241 habeas corpus petition is the custodian of the prisoner," *Walther v. Bauknecht*, 155 F. App'x 463, 464 (11th Cir. 2005) (per curiam) (unpublished) (citing *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 495, 93 S. Ct. 1123, 1130, 35 L. Ed. 2d 443 (1973)), the warden of the facility where Kitt is currently incarcerated is the proper party respondent for the instant petition.

[2] All "Doc." citations herein refer to the docket of the above-numbered criminal action. The companion civil action has been opened for administrative and statistical purposes only.

the execution of a sentence." (citations omitted)); *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008) ("[C]hallenges to the execution of sentence, rather than the validity of the sentence itself, are properly brought under § 2241." (citation omitted)). More specifically, "[a] claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies." *United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000) (citing *United States v. Flanagan*, 868 F.2d 1544, 1546 (11th Cir. 1989) (per curiam)). Accordingly, the present motion (Doc. 2057) is properly construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2241.[3]

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (hereinafter, the "§ 2254 Rules"), the assigned judge "must promptly examine" the petition and, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."[4] The assigned District Judge has referred Kitt's motion to the undersigned Magistrate Judge for appropriate action. *See* S.D. Ala. GenLR 72(b); (7/6/2023 elec. ref.). Under S.D. Ala. GenLR 72(a)(2)(R), the undersigned is authorized to require responses, issue orders

---

[3] Courts "hold a pro se prisoner's pleadings to less stringent standards than formal pleadings drafted by lawyers[, a]nd we must look beyond the labels of motions filed by pro se inmates to interpret them under whatever statute would provide relief." *Zelaya v. Sec'y, Fla. Dep't of Corr.*, 798 F.3d 1360, 1366 (11th Cir. 2015) (quotations omitted), *overruled in part on other grounds by McCarthan v. Dir. of Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017) (en banc).

[4] *See* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts ("The district court may apply any or all of these rules to a habeas corpus petition not [brought under 28 U.S.C. § 2254]."); S.D. Ala. CivLR 9(b) ("The Court may apply any of the Rules Governing 28 U.S.C. § 2254 Cases in the United States District Courts to applications for release from custody under 28 U.S.C. § 2241.").

to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of the motion, in accordance with 28 U.S.C. § 636(b)(1) and Rules 8(b) and 10 of the Rules Governing Section 2254 Cases in the United States District Courts. Upon preliminary review of the present petition, the undersigned finds that it plainly appears Kitt is not entitled to relief from this Court because it lacks jurisdiction over his petition.

## *I. Analysis*

### A. Kitt's Petition

Unlike a motion to alter, amend, or vacate a sentence under 28 U.S.C. § 2255, which must be filed with "the court which imposed the sentence[,]" 28 U.S.C. § 2255(a), a federal defendant must file a § 2241 petition "in the district in which the petitioner is incarcerated." *United States v. Plain*, 748 F.2d 620, 621 n.3 (11th Cir. 1984). *Accord Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991) ("Section 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated."). Any other district court would lack jurisdiction to decide the § 2241 petition. *See Fernandez*, 941 F.2d at 1495 ("Fernandez is confined at FMC–Rochester in Minnesota. Consequently, even if we were to construe Fernandez's claim as a section 2241 motion, the district court for the Southern District of Florida would not have jurisdiction. Thus, the motion was properly denied."). Kitt currently is,[5] and was at the time he filed the present § 2241 petition,

[5] *See* Federal Bureau of Prisons's online "Find an inmate" application, https://www.bop.gov/inmateloc/ (last visited July 7, 2023).

incarcerated at FCI Talladega, in Talladega County, Alabama, which is located within the Eastern Division of the Northern District of Alabama. *See* 28 U.S.C. § 81(a)(4). Therefore, Kitt must seek relief under § 2241 in the U.S. District Court for the Northern District of Alabama. As this Court lacks jurisdiction over Kitt's petition, it is due to be **DISMISSED without prejudice** for lack of jurisdiction.[6]

**B. Certificate of Appealability**

Under Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, generally a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or (B) the final order in a proceeding under section 2255." 28 U.S.C.A. § 2253(c)(1).

However, noting that "§ 2253(c)(1)(B) explicitly requires a federal prisoner to

---

[6] Under 28 U.S.C. 1631, "[w]henever a civil action is filed in a court…and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court…in which the action…could have been brought at the time it was filed…, and the action…shall proceed as if it had been filed in…the court to which it is transferred on the date upon which it was actually filed in…for the court from which it is transferred."

Here, "the interest of justice" does not require such a transfer. First, Kitt's filing makes no mention of administrative remedies, the exhaustion of which are a prerequisite to bringing a claim for credit for time served under 28 U.S.C. § 2241. *See Nyhuis*, 211 F.3d at 1345 ("The granting of credit for time served 'is in the first instance an administrative, not a judicial, function'" such that "[a] claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies.") (citations omitted)). Further, Kitt has not paid the $5 filing fee for bringing such a petition, *see* 28 U.S.C. § 1914(a). By simply dismissing, rather than transferring, the present petition, Kitt can submit his petition to the proper court on that court's proper form and remit the statutory filing fee to that court. *See* https://www.alnd.uscourts.gov/pro-se-parties (all N.D. Ala. resources for *pro se* litigants); http://alnd.uscourts.gov/sites/alnd/files/2241%20Form%20--%20AO242.pdf (N.D. Ala. § 2241 form petition). Moreover, because the time constraints for bringing § 2255 motions, *see* 28 U.S.C. § 2255(f), do not apply to § 2241 petitions, Kitt will not be prejudiced by the dismissal of the present petition.

obtain a COA only when proceeding under § 2255[,]" the Eleventh Circuit Court of Appeals has held that, "[b]y negative implication, a federal prisoner who proceeds under § 2241 does not need a COA to proceed" on appeal. *Sawyer v. Holder*, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003).

**C. <u>Appeal In Forma Pauperis</u>**

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). A district court's finding "that an appeal would not be in good faith because no certificate of appealability had been issued . . . is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding . . . [T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631-32 (7th Cir. 2000). In other words,

> [a] party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be

> allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam) (unpublished).

Considering the foregoing analysis, precedent binding on this Court clearly shows that Kitt's § 2255 motion is properly treated as a § 2241 petition, and that said petition has been filed in a court lacking jurisdiction over it. Accordingly, the undersigned **RECOMMENDS** the Court certify that any appeal by Kitt of the dismissal of said petition would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal *in forma pauperis*.[7]

## ***II. Conclusion & Recommendations***

In accordance with the foregoing analysis, it is **RECOMMENDED** that Kitt's "Motion Pursuant to § 2255(f) Vacate or Correct Sentence," dated June 24, 2023. (Doc. 833), be construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2241, and, so construed, be **DISMISSED without prejudice** for lack of jurisdiction. It is further **RECOMMENDED** that final judgment be entered accordingly in favor of the Respondent by separate document under Federal Rule of Civil Procedure 58, and that the Court find Kitt not entitled to appeal this dismissal *in forma pauperis*.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything

[7] Should the Court deny leave to appeal *in forma pauperis*, petitioner may file a motion to proceed on appeal *in forma pauperis* with the Eleventh Circuit Court of Appeals in accordance with Federal Rule of Appellate Procedure 24(a)(5).

in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts; S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 11th day of July 2023.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**